GULF, COLORADO AND SANTA FE RY. CO. v. PIERCE ROSS.

No. 935.

**Evidence—Hearsay—Declarations of Bodily Pain Not Res Gestae, When.**

In an action for personal injuries it is permissible for an officer who took the depositions of the injured person eight months after the injury was received, to testify as to her apparent condition at that time, but not as to her declarations in his presence of bodily pain then being suffered from the effects of the injury.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*J. W. Terry*, and *Chas. K. Lee*, for appellant.—The actions, conduct and declarations of the plaintiff's wife at the time her deposition was taken, are open to every suspicion of being self serving, put on for the occasion, being in no sense and in no respect a part of the res gestae; and the testimony as to her statements being clearly hearsay, and the deductions or conclusions from her conduct being clearly opinion evidence, the testimony was inadmissible, and should have been excluded. While spontaneous expressions of pain, suffering, etc., made under circumstances not open to suspicion are generally admissible, when the same are made after suit brought, under circumstances laying them strongly open to the suspicion of being gotten up for the occasion, they are not admissible. Railway v. Huntley, 38 Mich., 537; Railway v. Bruce, 24 S. W. Rep., 927.

*James A. Breeding*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The nature and result of this suit is thus given by appellant: "Appellee, plaintiff below, instituted this suit in the District Court of Harris County to recover damages for injuries alleged to have been sustained by his wife, Geraldine Ross, in a

collision between a wagon in which she was riding and one of the defendant's trains in the city of Houston. Defendant answered by general demurrer, general denial and a plea of contributory negligence. Trial October 11, 1894, and judgment for plaintiff for $4,000. Motion for new trial on substantially the same grounds as now assigned as error made and overruled, and this case has been properly brought to this court by appeal."

From the view this court takes of the case, it is deemed unnecessary to notice in this opinion several of the appellant's assignments.

The thirteenth assignment is substantially as follows: The court erred in allowing the witness, I. R. McCasland, to testify as follows: "I went out to take her deposition and told her I had come to take her deposition. She said to me she was suffering so she could hardly answer the questions. I told her they would be under oath and would have to be correct, and would have to be sworn to, and to be careful what she stated. She told me I would have to give her time, so I would write it down very fast, at first taking her answers, then she would have to rest. She said she was suffering from the hurt in her ear, side and stomach, and I think she told me in one of her shoulders. She complained of her hip. I would write a little while as fast as I could her answers. I then would have to stop and wait awhile until she recovered herself and breath. I was very particular to read over to her, when she recovered, what I wrote, to see if there was anything wrong, and if so, I would correct it. I suppose I was there an hour and a half or two hours taking her depositions. At times they would have to prop her up. She could breathe easier that way. At times they would have to put a pillow under her head. I stayed there until I got her depositions, then I stayed in her house and copied the depositions and read it over to her, which took some time. Then she subscribed and swore to it. That is all I done. She would have one of those convulsions at times, or apparently would lose her breath trying to answer. She would have at times convulsions or shortness of breath. It would seem to frustrate her, and I would have to wait until she recovered her breath. Perhaps these convulsions would last a minute or two. She just seemed to faint away like one exhausted."

The objections made by appellee to this testimony, when offered, as appears from its second bill of exceptions, are, first, that Geraldine Ross, the plaintiff's wife, had testified in the cause; that her deposition was taken by the notary public, and was on file in the cause; second, that the testimony was hearsay; that the declarations of said Geraldine, testified to by the witness, were made on the 28th of April, 1894, while the accident, which is the foundation of this suit, and to which plaintiff ascribes the alleged suffering of his wife, occurred on the 2d day of August, 1893; and the declarations are therefore not res gestae. The assignment must be sustained, as to so much of the testimony as gives the declarations made by Geraldine to the witness. The concomitant exclamation of bodily suffering is original evidence of the actual existence of the

pain or suffering, indicated by such exclamation, and is always admissible for proving the suffering complained of. But the declarations as narrated by this witness, do not come within this rule—in no sense can they be regarded as spontaneous, or concomitant expressions of pain or suffering, and there is still less reason for holding the declarations to be part of the res gestae—made as they were, some eight months after the collision between plaintiff's wagon and the defendant's train, and made to the officer taking her deposition to be read in a suit pending against defendant, and in the result of which the declarant is directly interested; and the court erred in admitting the testimony of the witness as to these declarations, over the objection of the defendant, and for this error, considering the conflict of evidence, upon the issue made, as to the alleged injuries of plaintiff's wife, as well as other issues, the judgment must be reversed. That portion of the witness' testimony which describes the apparent condition of plaintiff's wife, was not obnoxious to the objections made to it, by the defendant, and was properly admitted in evidence. The objection to the testimony of the witness Stewart was, in our opinion, properly overruled. The testimony comes within the rule, which holds spontaneous expressions of pain or suffering to be original evidence of the existence of such pain or suffering. The objections to the charge of the court, that it is too general, and fails to apply the law of the case to the facts in evidence is, we think, just, and these defects in the charge appellants should have sought to have corrected by requesting proper instructions—instructions which correctly announced the appropriate rules of law, and aptly applied them to the facts in evidence, bearing upon the issues, to which the instruction referred. Such were not the instructions which appellant requested, and which the court refused; and their refusal was, therefore, not error. For reasons, which, as we conceive, it is neither necessary nor proper to give, we decline to discuss the remaining assignments of error. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 24, 1895.